UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CAROL RAE EINHARDT,

      Plaintiff,

v.                                                      Case No. 1:09-CV-660

COMMISSIONER OF SOCIAL                    HON. GORDON J. QUIST
SECURITY,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff has filed an Objection to the Magistrate Judge's Report and Recommendation issued on July 28, 2010.[1] Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the Report and Recommendation to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.*

In her report and recommendation, the magistrate judge concluded that the Administrative Law Judge's (ALJ) decision that Plaintiff was not disabled applied the proper legal standards and was supported by substantial evidence. Thus, the magistrate judge recommended that the Commissioner's decision be affirmed. Plaintiff raised three specific issues concerning the ALJ's decision, and the magistrate judge gave well-supported reasons for rejecting Plaintiff's arguments.

First, Plaintiff argued that the ALJ erred by failing to address at step two of the sequential analysis whether her back impairment and anxiety constituted "severe" impairments. The magistrate

---

[1] Plaintiff titled her response "Motion to Review Magistrate Judge Carmody's Report and Recommendation," which the Court construes as Plaintiff's Objection pursuant to 28 U.S.C. § 636(b)(1).

judge concluded that there was no error because the medical record lacks any evidence showing that Plaintiff suffered from such impairment prior to the expiration of her insured status on June 30, 2005. In addition, the magistrate judge observed that Sixth Circuit precedent holds that where the ALJ finds the presence of a severe impairment at step two and proceeds through the remaining steps of the analysis, the failure to consider whether some other impairment is severe is harmless error so long as the ALJ considered the entire medical record in rendering his decision, which the magistrate judge found the ALJ had done in this case.

Second, Plaintiff argued that the ALJ erred in relying on the testimony of the vocational expert that Plaintiff could not perform her past dispatcher job as Plaintiff had actually performed it in the past but that Plaintiff could perform other dispatcher jobs as they are performed in the general economy. Plaintiff argued that the ALJ erred in relying on the vocational expert's testimony because the vocational expert testified that Plaintiff would need a period of vocational adjustment before being able to perform other dispatcher jobs. The magistrate judge concluded that this argument lacks merit because the vocational expert did not testify that Plaintiff would require a period of vocational adjustment before being able to perform other dispatcher jobs; rather, he testified that Plaintiff had acquired clerical skills in her past job that, after a period of vocational adjustment, would enable her to perform certain clerical jobs.

Finally, Plaintiff argued that the ALJ erred by failing to give controlling weight to the testimony of Dr. Lombardi, her treating physician. The magistrate judge concluded that the ALJ gave good reasons for the weight she gave to Dr. Lombardi's opinion, including his lack of treatment notes or records going back to the June 1999 onset date, his equivocal statements about treating Plaintiff as far back as 1999, and the lack of medical evidence in the file indicating that

2

Plaintiff's past restrictions were any greater than disclosed in the more recent residual functional capacity statement.

In her Objection, Plaintiff merely reiterates the arguments she made to the magistrate judge without pointing to any evidence in the record or legal authority suggesting that the magistrate judge erred in concluding that the ALJ's decision was not erroneous. In fact, Plaintiff makes no specific argument concerning the magistrate judge's analysis. Based upon its review of the record, the Court finds the report and recommendation fully supported by the record and legally sound. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 28, 2010 (docket no. 13), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.


Dated: September 29, 2010                /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE